# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| JENNIFER STANCIL, individually and on behalf of the class defined herein, | )<br>)<br>)<br>) |
| Plaintiffs, | ) CIVIL ACTION FILE NO.: |
| | ) 4:21-cv-108-HLM-WEJ |
| vs. | )<br>) |
| NORTH SHORE AGENCY, LLC, | ) JURY DEMAND<br>)<br>) |
| Defendant. | ) |

## COMPLAINT

Plaintiff Jennifer Stancil states the following as her Complaint against defendant North Shore Agency, LLC ("North Shore").

## JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331, Federal Question Jurisdiction because this is a case brought pursuant to the Fair Debt Collection Practices Act ("FDCPA") 15 U.S.C. § 1692 et seq.

2. Venue is proper in this District Court and Division pursuant to 28 U.S.C. § 1391(b)(2) as this is a judicial district and venue where a substantial part of the events and omissions giving rise to this action occurred.

## PARTIES

3. Jennifer Stancil is an individual over the age of nineteen (19) residing in Paulding County, Georgia.

4. North Shore Agency, LLC, is a Delaware business entity, licensed in New York, and doing business in Georgia.

## FACTS

5. Ms. Stancil had a debt with The Bradford Exchange that was sent to North Shore for the purpose of collecting the debt.

6. North Shore is in the business of collecting debts, and is a "debt collector" as the term is defined by the Fair Debt Collection Practices Act ("FDCPA"). 15 U.S.C. § 1692a(6).

7. Ms. Stancil received written correspondence concerning her debt to The Bradford Exchange on or about November 2, 2020.

8. Rather than preparing and mailing a collection letter on its own, on information and belief, North Shore Agency sent Ms. Stancil's information, and the information concerning the debt, to a commercial mail house.

9. In order for the commercial mail house to send Ms. Stancil the correspondence, North Shore transferred to the commercial mail house at least the following information:

      a.      Ms. Stancil's status as a debtor;

      b.      The amount of Ms. Stancil's debt with The Bradford Exchange;

      c.      Ms. Stancil's address;

      d.      Ms. Stancil's account information.

10. North Shore sent this information to the commercial mail house electronically so that it could populate a form collection letter with Ms. Stancil's information, and the information concerning her debt with The Bradford Exchange.

11. The mail house used this information to send Ms. Stancil a form collection letter.

12. The sending of an electronic or physical file containing information about Ms. Stancil's debt to a mail house is therefore a communication.

13. North Shore's communication to the mail house was in connection with the collection of a Debt since it involved disclosure of the Debt to a third-party with the objective being communication with the motivation of the consumer to pay the alleged Debt.

14. Ms. Stancil never consented to having her personal and confidential information, concerning the Debt or otherwise, shared with anyone else.

15. In limiting disclosures to third parties, the FDCPA states, at 15 U.S.C. § 1692c(b):

> Except as provided in section 1692b of this title, without the prior consent of the consumer given directly to the debt collector, or the express permission of a court of competent jurisdiction, or as reasonably necessary to effectuate a post judgment judicial remedy, a debt collector may not communicate, in connection with the collection of any debt, with any person other than the <u>consumer</u>, his <u>attorney</u>, a <u>consumer reporting agency</u> if otherwise permitted by law, the <u>creditor</u>, his <u>attorney</u>, a <u>consumer reporting agency</u>, or the <u>attorney of the debt collector</u>." (emphasis added).

16. The mail house used by North Shore as part of its debt collection effort against Ms. Stancil does not fall within any permitted exception provided for in 15 U.S.C. § 1692c(b).

17. Due to North Shore's communication to this mail house, information about Ms. Stancil, including her contact information and the information concerning her account with The Bradford Exchange are all within the possession of an unauthorized third-party.

18. If a debt collector "conveys information regarding the debt to a third party – informs the third party that the debt exists or provides information about the details of the debt – then the debtor may well be harmed by the spread of this information." <u>Brown v. Van Ru Credit Corp.</u> 804 F.3d 740, 743 (6th Cir. 2015); <u>Hawkins v. Preferred Collection & Mgmt. Svcs.</u>, 2021 U.S. App. Lexis 11694 (11th Cir. April 21, 2021).

19. North Shore unlawfully communicates with the unauthorized third-party mail house solely for the purpose of streamlining its generation of profits without regard to the propriety and privacy of the information which it discloses to such third-party.

20. In its reckless pursuit of a business advantage, North Shore disregarded the known, negative effect that information to an unauthorized third-party has on consumers.

21. In addition to the FDCPA violation occasioned by the disclosure of information to a third-party without authorization, the letter violates 15 U.S.C. § 1692E(2) and (10) due to the multiple addresses on the correspondence.

22. The letter contains an address: North Shore Agency-NBW, PO Box 8205, Old Bethpage, NY 11804-9005.

23. There is another address on the letter; 270 Spagnoli Road, Suite 110, Melville, NY 11747. A consumer would not know which address to use to question the debt, or for validation of the debt, as is required under 15 U.S.C. § 1692g. A consumer would also not know where to send payment.

24. Because the least sophisticated consumer would not know where to send correspondence concerning the debt, the communication is deceptive under 15 U.S.C. § 1696e(2) and (10).

## **CLASS ALLEGATIONS**

25. Plaintiff brings this case as a class action on behalf of herself and the class defined below.

26. <u>Class Definition</u>: Pursuant to Fed.R.Civ.P. 23(b)(1), (2) and (3), Plaintiff brings this action on behalf of herself and all others similarly situated, as members of the proposed Plaintiff Class:

> All persons in the United States in the last year who have received form letters from North Shore in an attempt to collect a debt where North Shore used a commercial mail house to prepare and mail the collection letters and where it transferred to the commercial mail house the information concerning the debtor and the debt without any authorization from the debtor.

27. <u>Numerosity</u>: The members of the class are so numerous that their individual joinder would be impracticable in that: (a) the Class includes at least hundreds of individual members; (b) the precise number of Class members and their identities are unknown to Plaintiffs, but are well known to North Shore, and can easily be determined through discovery; (c) it would be impractical and a waste of judicial resources for each of the at least hundreds of individual class members to be individually represented in separate actions; and (d) the relatively small amount of damages suffered by the class members does not make it economically feasible for those class members to file individual actions.

28. <u>Commonality/Predominance</u>: Common questions of law and fact predominate over any questions affecting only individual class members. These common legal and factual questions include, but are not limited to, the following:

    a.    Whether North Shore transferred debtor information to commercial mail houses for the purpose of the commercial mail houses sending collection letters to the debtors.

    b.    Whether this transfer of information about the debtors and their debts violates the FDCPA at 15 U.S.C. § 1962c(b).

    c.    Whether the form of the letter containing two addresses violates 15 U.S.C. § 16923(2) and (10).

29. <u>Typicality</u>: Plaintiff is typical of the claims of the class members and each subclass. Plaintiff and all class members have been injured by the same wrongful practices engaged in by North Shore. Plaintiff's claims arise from the same practices and course of conduct that give rise to the claims of the class members, and are based on the same legal theories for the class and each subclass.

30. <u>Adequacy</u>: Plaintiff will fully and adequately assert and protect the interests of the class. Plaintiff has counsel experienced in class actions and complex mass tort litigation. Neither Plaintiff nor counsel have interests contrary to or conflicting with the interests of the class.

31. <u>Superiority</u>: A class action is superior to all other available methods for the fair and efficient adjudication of this lawsuit because individual litigation of

the claims by each of the class members is economically unfeasible and impractical. While the aggregate amount of the damages suffered by the class is in the hundreds of thousands of dollars, if not millions of dollars, the individual damages suffered by each as a result of the wrongful conduct by North Shore are too small to warrant the expense of individual lawsuits.  Even if the individual damages were sufficient to warrant individual lawsuits, the court system would be unreasonably burdened by the number of cases that would be filed.

32. Plaintiff does not anticipate any difficulties in the management of this litigation management of this litigation.

## SUBSTANTIVE ALLEGATIONS

## COUNT I: VIOLATION OF THE FDCPA

33. Plaintiff adopts and incorporates paragraphs 1-32 as if fully stated herein, and states this claim on behalf of herself and the class defined above.

34. North Shore violated 15. U.S.C. § 1692c(b) when it disclosed information about Ms. Stancil's purported the debt to an unauthorized third-party commercial mail house in connection with the collection of the Debt.

35. The inclusion of the two addresses on the correspondence violates the FDCPA at 15 U.S.C. § 1692e(2) and (10), and is confusing and deceptive to the least sophisticated consumer.

36. North Shore's conduct renders it liable for the above-stated violations of the FDCPA, and Ms. Stancil is therefore entitled to statutory damages not to exceed $1,000, as well as relief for actual damages sustained. 15 U.S.C. § 1692k(1), (2).

37. North Shore intentionally made these communications in order to gain an advantage over other debt collectors and generate additional profits.

38. By its conduct North Shore is liable under the FDCPA for statutory damage up to $1,000 and other compensation.

WHEREFORE, Ms. Stancil, on behalf of herself and the class defined herein, demands the following relief:

    a. An Order of this Court certifying this case as a class action pursuant to Fed.R.Civ.P. 23(a)(1), (4), and (3);

    b. An Order of the Court appointing Ms. Stancil as the class representative;

    c. An Order of the Court appointing undersigned counsel as class counsel;

    d. A declaration, pursuant to 28 U.S.C. § 2201, that the sending of debtor information to a third party mail house for the preparation of correspondence concerning the debt violates 42 U.S.C. § 1692c(h);

    e. A declaration that the placement of the two addresses on the correspondence violates 42 U.S.C. § 1692e(2) and (10);

    f.     An injunction enjoining North Shore from sending debtor information to third party commercial mail houses for the purpose of preparing collection letters without permission from the debtor;

    g.     An injunction enjoining North Shore from placing two addresses on correspondence without a clear statement as to which address to send correspondence about the debt to;

    h.     Statutory damages for Ms. Stancil and the class members of $1,000.00 each pursuant to 15 U.S.C. § 1652k(c)(2)(A);

    i.     Actual damages for Ms. Stancil and each class member in an amount to be determined by a jury pursuant to 15 U.S.C. § 1692k(a)2)(A);

    j.     An award of costs and a reasonable attorneys' fee pursuant to 15 U.S.C. § 1692k(a)(3);

    j.     All other applicable relief.

**PLAINTIFF DEMANDS TRIAL BY STRUCK JURY.**

### CERTIFICATE OF FONT COMPLIANCE

In accordance with Local Rule 7.1D, I do certify this document has been prepared in Times New Roman font, 14 point, in compliance with L.R. 5.1(C) of this Court.

Respectfully submitted, this 3rd day of June 2021.

       /s/ Meredith J. Carter
       Meredith J. Carter
       Georgia Bar No. 325422

**OF COUNSEL:**
M. CARTER LAW LLC
2690 Cobb Parkway SE
Suite A5-294
Smyrna, Georgia 30080
T: (404) 618-3838
meredith@mcarterlaw.com

       /s/ Brian M. Clark
       Brian M. Clark
       Alabama Bar No. ASB-5319-r78b

**OF COUNSEL:**
Wiggins Childs Pantazis Fisher & Goldfarb, LLC
The Kress Building
301 19th Street North
Birmingham, Alabama 35203
T: (205) 314-0500
F: (205) 254-1500
bclark@wigginschilds.com